E-FILED
Wednesday, 14 February, 2007 04:20:37 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
CHAMPAIGN/URBANA DIVISION**

| | | |
|---|---|---|
| JAMES DANIEL MATHEIN,<br><br>Plaintiff<br><br>v.<br><br>DAVOL INC., a Rhode Island corporation;<br>C. R. BARD, INC., a New Jersey corporation,<br><br>Defendants. | ) | Civil Action No.: 2:07-cv-2031-MPM-DGB |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Davol Inc. and C. R. Bard, Inc. ("Defendants"), by its undersigned counsel, files this Answer to plaintiff's Complaint (the "Complaint") as follows:

**Count 1
Products Liability**

1. Defendants admit that Davol is a Rhode Island corporation that at various times manufactured and distributed the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information throughout the United States, including the State of Illinois. Bard denies that it ever manufactured the Composix® Kugel® Hernia Patch.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

4. Defendants state the allegations in Paragraph 4 and its subparts (a) through (c) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, comment k, bar plaintiff's claims against Defendants in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Defendants in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiff's claims in whole or in part.

5. Plaintiff's, or his agents', including his physicians, misuse or substantial change of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

6. If plaintiff used a product sold by Defendants, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

8. If plaintiff used a product sold by Defendants, plaintiff used the product for "off-label" purposes, which bars the plaintiff's claims.

9. The "learned intermediary" doctrine bars plaintiff's claims.

10. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

11. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

12. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

13. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal

course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

14. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

16. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

17. Any potential award for plaintiff's damages or injuries, none being admitted, is reduced or barred, in whole or part, by plaintiff's own comparative fault.

18. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Defendants' product.

19. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

20. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Defendants' due process, equal

protection and other rights under the United States Constitution, the Illinois Constitution, and any other applicable law.

21. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Illinois and/or other applicable laws.

22. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

23. Defendants hereby give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: February 14, 2007

Respectfully submitted,

/s/ P. Mark Crane
P. Mark Crane
Segal McCambridge Singer & Mahoney, Ltd.
330 N. Wabash Ave.
Chicago, IL 60611
(312) 645-7805 (direct)
(312) 645-7711 (fax)

and

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph W. Phebus, Esq.
Phebus & Koester
136 West Main Street
Urbana, Illinois 61801

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants.

Dana Alan Gausepohl
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
9th Floor
Washington, DC 20005

Douglas Phebus
LAWTON & CATES
10 East Doty
Madison, Wisconsin 53703

/s/ P. Mark Crane
P. Mark Crane, Esq. (6191770)
Attorneys for Defendants
Davol, Inc. and C.R. Bard, Inc.
Segal McCambridge Singer & Mahoney, Ltd.
330 N. Wabash Ave.
Chicago, IL 60611
(312) 645-7800
(312) 645-7711 (fax)

and

Kirby T. Griffis, Esq.
Dana Alan Gausepohl, Esq.
Spriggs & Hollingsworth
13501 I Street N.W.
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (Fax)