E-FILED
Monday, 26 February, 2007 01:59:59 PM
Clerk, U.S. District Court, ILCD

WEXLER | TORISEVA | WALLACE
Limited Liability Partnership
Chicago, IL • Wheeling, WV • Sacramento, CA

February 23, 2007

VIA FEDERAL EXPRESS
Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judicial Building
Room G-255, North Lobby
Washington, DC 20002-8004

FILED
FEB 26 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Re: *In re Kugel Mesh Hernia Patch Litigation*

To Whom This May Concern:

Enclosed please find one original and five copies of the following documents:

- Motion for Transfer, Coordination, and Consolidation of Related Actions to the District of Rhode Island Pursuant to 28 U.S.C. § 1407
- Memorandum in Support of Motion for Transfer, Coordination, and Consolidation of Related Actions to the District of Rhode Island Pursuant to 28 U.S.C. § 1407
- Schedule of Actions
- Proof of Service

Also enclosed is a disk with the same documents. Please file the original and return a file-stamped copy to us in the enclosed, self-addressed envelope. If you have any questions, please feel free to contact me.

Very truly yours,

Edward A. Wallace

EAW/kd
Enclosures

cc: All Counsel of Record

Contact Information: Edward A. Wallace
(312) 261-6193 Direct Dial
eaw@wtwlaw.us
One N. LaSalle Street
Suite 2000
Chicago, IL 60602
(312) 346-2222
(312) 346-0022 fax
www.wtwlaw.us

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

IN RE: KUGEL MESH HERNIA PATCH LITIGATION

MDL Docket No. ______________

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this Certificate of Service was served by First Class Mail on February 23, 2007, to the following:

FILED
FEB 26 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

07-2031
Mathein v. Davol Inc.

Clerk, Eastern District of Arkansas, C.A. No. 04:06-01012
Little Rock, AR

Clerk, Western District of Arkansas, C.A. No. 05:06- 05154
Fayetteville, AR

Clerk, Eastern District of Louisiana, , C.A. 2:06- 05837
New Orleans, LA

Clerk, District of New Jersey, C.A. No. 2:06-04786
Newark, NJ

Clerk, Eastern District of Missouri, C.A. No. 4:06-01471
St. Louis, MO

Clerk, Northern District of Florida, C.A. No. 3:06-00541
Pensacola, FL

Clerk, Eastern District of California, C.A. No.2:07-00032
Sacramento, CA

Clerk, Central District of Illinois, C.A. No. 2:07-02031
Urbana, IL

Clerk, District of Rhode Island, C.A. No. 1:07-00064
Providence, RI

Callis L. Childs
Attorney at Law
243 U.S. Highway 64 East
Conway, AR 72032
**Counsel for Plaintiffs: Carolene Jean Carter, et al.,**
E.D. Arkansas, C.A. No. 04:06-01012

Cindy L. Hawkins
Attorney at Law
PO Box 805
105 Holcomb Street
Springdale, AR 72765-0809
**Counsel for Plaintiffs: Mary Jane Campbell, et al.,**
W.D. Arkansas, C.A. No. 05:06- 05154

Christine Lynn DeSue
Franklin G. Shaw
Leger & Mestayer
600 Carondelet Street, 9th Floor
New Orleans, LA 70130
**Counsel for Plaintiffs: Faye Gleber, et al.,**
E.D. Louisiana, C.A. 2:06- 05837

Harris L. Pogust
Pogust & Braslow, LLP
161 Washington Street, Suite 1520
Conshocken, PA 19428
**Counsel for Plaintiffs: Jenine Von Essen, et al.,**
D. New Jersey, C.A. No. 2:06-04786

Maurice B. Graham
M. Graham Dobbs
Gray & Ritter, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101-1826
**Counsel for Plaintiffs: Timothy J. Edgar, et al.,**
E.D. Missouri, C.A. No. 4:06-01471

Bradley Syfrett Odom
Kievit Odom & Barlow
635 W. Garden Street
Pensacola, FL 32502
**Counsel for Plaintiffs: Jane R. Wilson, et al.,**
N.D. Florida, C.A. No. 3:06-00541

Craig Philip Niedenthal
Cory Watson Crowder
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
**Counsel for Plaintiffs: Jane R. Wilson, et al.,**
N.D. Florida, C.A. No. 3:06-00541

Jonathan Alan Saul
Thomas Minder and Associates
2151 River Plaza Drive, Suite 290
Sacramento, CA 95833
**Counsel for Plaintiffs: Daniel Poston, Darline Poston, et al.,**
E.D. California, C.A. No.2:07-00032

Douglas Phebus
Lawton & Cates
10 East Doty
Madison, WI 53703
**Counsel for Plaintiffs: James Daniel Mathein, et al.,**
C.D. Illinois, C.A. No. 2:07-02031

Joseph W Phebus
Phebus & Koester
136 W Main Street
Urbana, IL 61801
**Counsel for Plaintiffs: James Daniel Mathein, et al.,**
C.D. Illinois, C.A. No. 2:07-02031

Donald A. Migliori
Motley Rice LLC
321 S. Main Street, 2nd Floor
PO Box 6067
Providence, RI 02940-6067
**Counsel for Plaintiffs: Sonia Montiel, et al.,**
D. Rhode Island, C.A. No. 1:07-00064

Fred Thompson, III
Rhett D. Klok
Fred Thompson
Hery Leventis
Carmen Scott
Motley Rice LLC
28 Bridgeside Boulevard
PO Box 1792
Mt. Pleasant, SC 29465
**Counsel for Plaintiffs: Sonia Montiel, et al.,**
D. Rhode Island, C.A. No. 1:07-00064

Lyn Peeples Pruitt
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C. – LR
425 W. Capitol Avenue, Suite 1800
Little Rock, AR 72201
**Counsel for Defendants: Davol, Inc., C.R. Bard, Inc.,**
E.D. Arkansas, C.A. No. 04:06-01012

**Counsel for Defendants: Davol, Inc. C.R. Bard, Inc.,**
W.D. Arkansas, C.A. No. 05:06- 05154

Stanton E. Shuler, Jr.
Lauren Fajoni Bartlett
Leake & Andersson, LLP
Energy Centre
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
**Counsel for Defendants: C.R. Bard, Inc., Bard Access Systems, Inc.,**
E.D. Louisiana, C.A. 2:06- 05837

David J. Cooner
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07101
**Counsel for Defendants: C.R. Bard, Inc., Davol, Inc.,**
D. New Jersey, C.A. No. 2:06-04786

Dennie M. Zankel
Baker and Sterchi, L.L.C.
1010 Market Street, Suite 950
St. Louis, MO 63101
**Counsel for Defendant: Davol, Inc.,**
E.D. Missouri, C.A. No. 4:06-01471

John M. Kvartek
Clark Partington Hart Larry Bond & Stackhouse
125 W. Romana Street, Suite 800
PO Box 13010
Pensacola, FL 32591-3010
**Counsel for Defendants: Davol, Inc., C.R. Bard, Inc.,**
N.D. Florida, C.A. No. 3:06-00541

Thomas M. Frieder
Hassard Bonnington LLP
Two Embarcadero Center, Suite 1800
San Francisco, CA 94111-3993
**Counsel for Defendant: Davol, Inc.,**
E.D. California, C.A. No.2:07-00032

Dated: February 23, 2007

Edward A. Wallace
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 346-2222 – Telephone
(312) 346-0022 – Facsimile
eaw@wtwlaw.us

E-FILED
Monday, 26 February, 2007 02:00:38 PM
Clerk, U.S. District Court, ILCD

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: KUGEL MESH HERNIA PATCH LITIGATION

MDL Docket No. _________

**MOTION FOR TRANSFER, COORDINATION, AND CONSOLIDATION OF RELATED ACTIONS TO THE DISTRICT OF RHODE ISLAND PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs in the action styled *Montiel v. Davol, Inc. et al.*, Case No. CA 07-064, United States District Court for the District of Rhode Island (the "Movants" and the "*Montiel* Action"), respectfully move the Judicial Panel on Multidistrict Litigation for an Order, pursuant to 28 U.S.C. § 1407, that: (1) transfers eight related actions, currently pending in United States District Courts around the country, as well as any cases that may subsequently be filed asserting similar or related claims, to the United States District Court for the District of Rhode Island; and (2) consolidates those proceedings with the *Montiel* Action, which is pending in the District of Rhode Island. In support of this Motion, Movants state:

1. The actions for which transfer and consolidation are proposed arise out of the same conduct and allege similar claims. Each action alleges that defendants defectively designed and manufactured the Composix Kugel Mesh Patch that was surgically implanted in the plaintiffs.

2. Movants are not aware of any actions, other than the eight actions proposed for transfer, which are on file in a federal court outside the District of Rhode Island, alleging similar claims. These eight actions and the action brought by Movants are listed in the Schedule of Actions filed herewith.

3. Movants propose that the eight actions filed outside of the District of Rhode Island be transferred to that District and consolidated with the *Montiel* Action currently pending in that District.

4. The centralization of these actions in a single judicial district for coordinated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses and will promote the interests of justice because all actions involve common factual and legal issues, including:

a. whether there are design and/or manufacturing defects in the Composix Kugel Mesh Patch;

b. whether Defendants failed to follow U.S. Food & Drug Administration ("FDA") good manufacturing practices, failed to properly investigate manifestations of the Composix Kugel Mesh Patch over the past several years, failed to adequately document reports of the defect, and failed to exercise adequate quality control;

c. whether Defendants' conduct in designing, manufacturing, marketing and monitoring the Composix Kugel Mesh Patch fell below the duty of care owed by Defendants to Plaintiff, Plaintiff's participants, and/or Class members;

d. whether Defendants intentionally, knowingly, carelessly, recklessly, or negligently concealed information regarding the existence of a defect in the Composix Kugel Mesh Patch from the FDA, physicians, Plaintiffs, and/or the members of the Class;

e. whether Composix Kugel Mesh Patches share a common and inherent design defect that causes them to break, creating a risk of injury or death to patients in whom they were implanted;

f. whether Defendants negligently, recklessly, or intentionally misrepresented the quality and usefulness of the Composix Kugel Mesh Patch;

g. whether Defendants are liable for selling a dangerously defective product;

h. whether the surgical patients have been injured by virtue of the Defendant's deceptive business practices and conduct; and

i. the appropriate measure of damages sustained by plaintiffs.

5. All eight actions are in the early stages of litigation and would not be unduly prejudiced by this transfer.

6. Consolidation of the actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently. The proposed transfer to and consolidation in the District of Rhode Island will be for the convenience of parties and witnesses and will promote the just and efficient conduct of these actions because it is expected that plaintiffs' counsel in all actions will take discovery of similar witnesses and documents.

7. The District of Rhode Island is appropriate because of the in-state presence of Davol, the locus of related activity in the State, the resources and capability of the court to promptly and efficiently conduct this case, and the district is convenient to all the parties.

8. This motion is based on the accompanying memorandum of law and Schedule of Actions, as well as any other materials that may be presented to the Panel before or at the time of any hearing in this matter.

WHEREFORE, Movants respectfully request that the Panel order that the eight actions pending outside the District of Rhode Island, which are listed in the Schedule of Actions filed herewith, as well as any cases that may be subsequently filed asserting

related or similar claims, be transferred to the District of Rhode Island and consolidated with the *Montiel* Action for coordinated pretrial proceedings.

Dated: February 23, 2007

Donald A. Migliori (#4936)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX

Edward A. Wallace
Mark R. Miller
WEXLER TORISEVA WALLACE LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
312-346-2222
312-346-0022 FAX

Teresa C. Toriseva
Kathy A. Brown
WEXLER TORISEVA WALLACE LLP
1446 National Road
Wheeling, WV 46003
304-238-0066
304-238-0149 FAX

Fred Thompson, III
Rhett D. Klok
Fred Thompson
Henry Leventis
Carmen Scott
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
843-216-9000
843-216- 9450 FAX

E-FILED
Monday, 26 February, 2007 02:01:00 PM
Clerk, U.S. District Court, ILCD

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

---

IN RE: KUGEL MESH HERNIA PATCH LITIGATION MDL Docket No. __________

---

**MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER, COORDINATION, AND CONSOLIDATION OF RELATED ACTIONS TO THE DISTRICT OF RHODE ISLAND PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, plaintiffs in the action styled *Montiel v. Davol, Inc. et al.*, Case No. CA 07-064, United States District Court for the District of Rhode Island (the "Movants" and the "*Montiel* Action"), respectfully submit this Memorandum in Support of Motion for Transfer, Coordination, and Consolidation of Related Actions to the District of Rhode Island. For the reasons set forth below, Movants' lawsuit and the related lawsuits identified in the accompanying Schedule of Actions should be transferred to and consolidated in the District of Rhode Island.

## I. SUMMARY OF ARGUMENT

The named plaintiffs in the *Montiel* Action, Sonia Montiel and Carol Nunes-McNamara, like all of the plaintiffs in the related actions, brought their case against C.R. Bard, Inc. ("Bard"), and/or its subsidiary Davol, Inc. ("Davol"), relating to their defective design and/or manufacture of the Composix Kugel Mesh Patch.

Davol is headquartered near Providence, Rhode Island. For a time, in 2002, Davol produced the Composix Kugel Mesh Patch at its Rhode Island facility. Related witnesses and documents are located in Rhode Island. As such, Sonia Montiel chose to file her complaint against Davol in the District of Rhode Island. Numerous other

plaintiffs have made a similar decision; filing their cases against Davol, relating to the defective mesh patches, in the Rhode Island Superior Court in Providence. Like the Movants, these State court plaintiffs have chosen to confront the tortious acts at their source: Rhode Island. It is the locus of activity and it is likely that more cases will be filed there soon. The discovery and pretrial proceedings of the related federal actions should be conducted there also.

As explained below, eight related actions have been filed in eight different federal district courts across the nation. None of these other district courts preside over more than one related action. None of these other district courts have as substantial of a relationship to the defendants or the product at issue. None of these other district courts have as much of a factual and circumstantial nexus to this case as the District of Rhode Island.

Transfer is warranted because these related actions involve common issues of fact, will further convenience the parties and witnesses, and will provide for the efficient and consistent conduct of this case. Finally, the District of Rhode Island is the most appropriate forum because of the activity already occurring there, the accessibility of the Providence metropolitan area – via several major airports – and the efficiency of the court. Justice and efficiency compel transfer, to the District of Rhode Island, which is the correct forum for this litigation.

## II. BACKGROUND

The actions affected by this motion, identified in the accompanying Schedule of Actions, present common questions of law and fact; common defendants - Bard and

Davol; and all of the actions arise from the Composix Kugel Mesh Patch manufactured by Defendants between 2001 and March 2006.

The Composix Kugel Mesh Patch was sold by Defendants for surgical implantation in patients in the course of hernia repair surgery. A hernia occurs when the stomach muscles are too weak to contain the intestines, and as a result, a rupture occurs in the muscle wall which allows the intestines to protrude. The Composix Kugel Mesh Patch was designed to treat ventral hernias caused by the thinning or stretching of scar tissue that forms after surgery. The Kugel Mesh line of products was first manufactured by Surgical Sense, Inc., starting in or around 1996. In January of 2000, Bard acquired the Kugel line of hernia repair products from Surgical Sense, Inc. Shortly thereafter, in 2001, Bard introduced the Composix Kugel Mesh Patch through its subsidiary, Davol. The type of patch at issue, invented by Dr. Robert D. Kugel, is a polypropylene mesh prosthetic device developed to repair ventral hernias, or hernias of the abdominal region. These patches are inserted behind the hernia defect in the abdomen through a small incision. In order to fit through the small incision the mesh is folded in half. Once inside the abdomen, the mesh re-deploys as a result of a hard "memory recoil ring" (or "PET coil ring") that surrounds the mesh.

Due to defects in the design and manufacturing of the Composix Kugel Mesh Patch, the "memory recoil ring" that opens the patch can break in the intra-abdominal space. Once the memory recoil ring has broken, it can later come loose and cause serious injuries as it travels through the body. These injuries include: intestinal perforations; ring migration through the abdominal wall; abscesses; bowel obstruction and sepsis; and

chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

As a result of this dangerous and defective condition, and the numerous serious injuries that have resulted, the FDA issued Class 1 recalls of several varieties of the Composix Kugel Mesh Patch. A Class 1 recall is the highest level of recall available to the FDA. It is issued when the FDA believes a medical product is dangerous or defective and predictably could cause serious health problems or death. To date, the following products have been recalled:

| | | | |
|---|---|---|---|
| PC#0010206 | Bard Composix Kugel | Extra Large Oval | 8.7" x 10.7" |
| PC#0010207 | Bard Composix Kugel | Extra Large Oval | 10.8" x 13.7" |
| PC#0010208 | Bard Composix Kugel | Extra Large Oval | 7.7" x 9.7" |
| PC#0010209 | Bard Composix Kugel | Large Oval | 6.3" x 12.3" |
| PC#0010202 | Bard Composix Kugel | Large Oval | 5.4" x 7" |
| PC#0010204 | Bard Composix Kugel | Large Circle | 4.5" |

On information and belief, as of March 2006, at least 75,000 of the Composix Kugel Mesh Patches had been sold. They were distributed to customers and implanted in patients worldwide.

## III. HISTORY OF THE PENDING LAWSUITS

Eight other complaints have been filed in federal court, alleging the plaintiffs have incurred injuries and damages on account of the Composix Kugel Mesh Patch. These related actions arise out of the same conduct and underlying facts as the *Montiel* Action. These cases are:

- *Carter v. Davol Inc et al.*, Case No. 4:06-cv-1012, Eastern District of Arkansas
- *Campbell v. Davol Inc. et al.*, Case No. 5:06-cv-5154, Western District of Arkansas
- *Gleber v. C.R. Bard Inc et al.*, Case No. 2:06-cv-5837, Eastern District of Louisiana
- *Von Essen v. C.R. Bard, Inc. et al.*, Case No. 2:06-cv-4786, District of New Jersey
- *Edgar v. Davol, Inc.*, Case No. 4:06-cv-1471, Eastern District of Missouri
- *Wilson v. Davol Inc. et al.*, Case No. 3:06-cv-541, Northern District of Florida
- *Poston et al. v. Davol, Inc.*, Case No. 2:07-cv-32, Eastern District of California
- *Mathien v. C.R. Bard, Inc., et al,* Case No. 2:07-cv-2031, Central District of Illinois

Submitted herewith is a Schedule of Actions that lists the seven related actions that are the subject of this Motion, with each complaint attached thereto. There has been no significant activity in any of the above mentioned cases, which would prevent transfer. Movants seek to have the eight actions listed above transferred to the District of Rhode Island and consolidated with the *Montiel* Action, which is pending in that jurisdiction.

## IV. ARGUMENT

### A. Transfer and Consolidation of the Composix Kugel Mesh Actions for Coordinated Pretrial Proceedings is Appropriate

28 U.S.C. § 1407 authorizes this panel to transfer and consolidate two or more civil cases for coordinated pretrial proceedings upon a determination that (i) they "involve[e] one or more common questions of fact," (ii) transfer will further "the convenience of the parties and witnesses," and (iii) transfer "will promote the just and efficient conduct of the actions." Interpreting this Section, several courts have held that a motion for transfer, coordination and consolidation pursuant to § 1407 is appropriate

when: (1) the cases are all federal civil actions, pending in different federal judicial districts, (2) one or more common questions of disputed fact exist among the cases, and (3) transfer of the cases will promote efficiencies and will conserve the resources of the parties, counsel and the judiciary. *Rosenfeld v. Hartford Fire Ins. Co.*, Nos. 88-Civ-2153 & 88-Civ-2252, 1988 U.S. Dist. LEXIS 4068 at *2-3 (S.D.N.Y. May 12, 1988); *see also U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F.Supp.2d 270 (D.D.C. 2002); *In re Air Crash Off Long Island, N.Y. on July 17, 1996*, 965 F.Supp. 5 (S.D.N.Y. 1997). Moreover, transfer is necessary "in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to whether the actions should proceed as [class actions]…." *In re Starmed Health Personnel, Inc. Fair Labor Standard Act Litig.,* 317 F.Supp.2d 1380, 1381 (J.P.M.L. 2004); *see In re Comp. of Managerial Prof'l and Tech. Employees Antitrust Litig.,* 206 F.Supp.2d 1374, 1375 (J.P.M.L. 2002)(noting that centralization is "necessary in order to…prevent inconsistent pretrial rulings….").

The requirements for transfer under Section 1407 are satisfied here. Transfer, coordination and consolidation of these actions is warranted because they are all pending in federal court; involve the same factual and legal issues relating to the design, manufacture, marketing, and sale of the defective patches; would further the convenience of the parties and witnesses; and would promote the just and efficient conduct of the actions. Centralization of the litigation is in the best interests of the courts, the parties, and the witnesses, and is a primary goal in the management of complex cases such as these.

### 1. The Related Actions Involve Common Questions of Fact

The first requirement of Section 1407 – that the actions to be transferred involve common questions of fact – is satisfied. The litmus test of transferability and coordination under Section 1407 is the presence of common questions of fact. *In re Managed Care Litig.*, 246 F.Supp.2d 1363 (J.P.M.L. 2003); *In re South African Apartheid Litig.*, 238 F.Supp.2d 1379 (J.P.M.L. 2002). Common questions exist where "two or more complaints assert comparable allegations...based on similar transactions and events." *In re West, Inc. Sec. Litig.*, 384 F.Supp. 609, 611 (J.P.M.L. 1974); *see also In re Cuisinart Food Processor Antitrust Litig.*, 506 F.Supp. 651, 654-55 (J.P.M.L. 1981).

Here, there is no question that there are multiple issues which are common to all of these actions. The factual issues to be determined in each of the actions proposed for transfer and coordination arise from the same course of conduct. Among the numerous common questions of law and fact at issue in the related actions are:

a. whether there are design and/or manufacturing defects in the Composix Kugel Mesh Patch;

b. whether Defendants failed to follow U.S. Food & Drug Administration ("FDA") good manufacturing practices, failed to properly investigate manifestations of the Composix Kugel Mesh Patch over the past several years, failed to adequately document reports of the defect, and failed to exercise adequate quality control;

c. whether Defendants' conduct in designing, manufacturing, marketing and monitoring the Composix Kugel Mesh Patch fell below the duty of care owed by Defendants to Plaintiff, Plaintiff's participants, and/or Class members;

d. whether Defendants intentionally, knowingly, carelessly, recklessly, or negligently concealed information regarding the

existence of a defect in the Composix Kugel Mesh Patch from the FDA, physicians, Plaintiffs, and/or the members of the Class;

e. whether Composix Kugel Mesh Patches share a common and inherent design defect that causes them to break, creating a risk of injury or death to patients in whom they were implanted;

f. whether Defendants negligently, recklessly, or intentionally misrepresented the quality and usefulness of the Composix Kugel Mesh Patch;

g. whether Defendants are liable for selling a dangerously defective product;

h. whether the surgical patients have been injured by virtue of the Defendant's deceptive business practices and conduct; and

i. the appropriate measure of damages sustained by plaintiffs.

The factual issues to be determined in all of the actions are nearly identical, making transfer and consolidation of the actions highly appropriate.

**2. Transferring the Actions Will Further the Convenience of the Parties and the Witnesses**

Transferring the actions will meet the second requirement for consolidation under Section 1407 because it will serve the convenience of the parties and witnesses. Counsel for plaintiffs in all actions will seek documents from the same defendants and witnesses relating to the design, manufacture, marketing and sale of the Composix Kugel Mesh Patch. Because these actions arise from a common core of factual allegations, there is a strong likelihood of duplicative discovery demands and redundant depositions. Transfer will enable a single court to establish a pretrial program that will minimize the inconvenience to the witnesses and expenses to the parties. These savings are precisely the types of savings that this Panel has traditionally used to justify the consolidation of

actions in different jurisdictions. *See In re Polychloroprene Rubber Antitrust Litig.*, 360 F.Supp.2d 1348, 1350-51 (J.P.M.L. 2005).

Additionally, as discussed below, Davol is headquartered in Rhode Island and many of the documents and key witnesses are already located in the District of Rhode Island. Transfer to that district will only further the convenience generally offered to the parties and witnesses by consolidation.

**3. Transfer Will Promote the Just and Efficient Conduct of the Related Action**

Transferring and consolidating these cases is appropriate because coordinating the pretrial proceedings will promote the just and efficient conduct of the actions. The plaintiffs in each action undoubtedly will seed to depose many of the same individuals from the defendant corporations and request production of a substantially similar set of documents. Additionally, the coordination of these actions will promote consistent rulings on pretrial proceedings and motions. Failing to consolidate these actions will therefore result in duplicative discovery efforts, requiring witnesses to appear for multiple depositions and defendants to produce several sets of the same documents, and the possibility of inconsistent rulings and orders. The consolidation and coordination of these actions would avoid this inconvenience and needless waste of resources. *See In re Foundry Resins Antitrust Litig.*, 342 F.Supp.2d 1346, 1347 (J.P.M.L. 2004).

Where, as here, consolidation and coordination will avoid duplicative discovery and potentially conflicting pretrial rulings, transfer for pretrial purposes is warranted even if there is not a strict identity of parties and issues. *See In re Acacia Media Techs. Corp. Patent Litig.*, 360 F.Supp.2d 1377, 1379 (J.P.M.L. 2005)("transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues

as a prerequisite to transfer"). Thus, even if the Panel determines that there is not a complete identity of the defendants and issues in all the related actions, they should still be consolidated for pretrial purposes.

**B. The District of Rhode Island Is The Proper Forum for Coordinated Pretrial Proceedings**

Numerous factors may be considered by the Panel in determining the most appropriate transferee forum, including "convenience of the parties and witnesses" and location of the relevant "offices and records…." *See In re Computervision Corp. Sec. Litig.*, 814 F.Supp. 85, 86 (J.P.M.L. 1993). Here, the balance of relevant factors weighs strongly in favor of transferring these actions to the District of Rhode Island because there is already of locus of related activity in Rhode Island. Not only is the Movants' medical monitoring class action pending in that district, but there are multiple personal injury actions currently filed in the Rhode Island Superior Court in Providence. Additional, Davol is located in Rhode Island and the District of Rhode Island is a capable, efficient and easily accessible forum.

**1. The District of Rhode Island is the Most Appropriate Forum for the Parties and Witnesses**

The convenience of the parties and witnesses is a critical factor in determining to which district related actions should be transferred. See 28 U.S.C. § 1407(a) (related actions may be transferred to a district for coordinated proceedings upon a determination that the transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions"). In deciding whether a particular forum is convenient, the Panel examines factors such as: the locations in which the current actions are pending; the location of the parties; documents and potential witnesses relative to that

district; and the location where the majority of actions have been brought. *See In re Baldwin-United Corp. Litig.*, 581 F.Supp. 739, 740 (J.P.M.L. 1984). These factors weigh in favor of the District of Rhode Island.

No other district is as much of a geographic focal point as the District of Rhode Island. The potential plaintiffs in cases involving the Composix Kugel Mesh Patch are spread out across the nation. Movants' are aware of seven other related actions currently pending in seven different federal district courts. As such, no other district is currently presiding over more than one of these related actions, nor does any other district have more of a nexus to these actions than the District of Rhode Island.

Importantly, as Davol is headquartered in Rhode Island, Movants expect that the vast majority of the documents and witnesses are already located in that District. Furthermore, on information and belief, for a time period in 2002 the Composix Kugel Mesh Patches at issue were manufactured at Davol's Rhode Island facility. Transfer of the related actions to the District of Rhode Island would save the parties and witnesses an enormous amount of time and money in travel and other discovery related expenses. The Panel has routinely transferred related cases to courts that are situated in close proximity to a defendant's headquarters because witnesses and documents are likely to be found there. *See, e.g., In re Service Corp. Int'l Sec. Litig.* 323 F.Supp.2d 1377, 1378 (J.P.M.L. 2004) (noting that "SCI is headquartered in Houston, Texas, and witnesses and documents relating to these alleged securities violations will likely be found there"). Indeed, Food and Drug Administration ("FDA") documents relating to the Class I recall and adverse event reports all point to Rhode Island as the center of operations. The FDA

inspection relating to the Kugel Mesh device occurred in Rhode Island and the relevant witnesses were located and interviewed by the FDA in Rhode Island.

As noted above, several personal injury actions are currently pending in Rhode Island State court. While these actions can not properly be transferred to the District of Rhode Island, they do provide further evidence of related activity in that state. Transfer of the related federal actions to the District of Rhode Island, in conjunction with the many State court actions, would allow this controversy, involving a Rhode Island corporation, to be efficiently and conveniently conducted in close proximity to the parties and evidence.

**2. The Accessibility of the District of Rhode Island Warrants Transfer**

As discussed above, the Movants anticipate that many of the witnesses to this litigation may work or reside on the east coast, and more specifically, in Rhode Island. The District of Rhode Island courthouse - in Providence - is easily accessible to these witnesses. Further, those parties and witnesses residing outside of Rhode Island will also find the courthouse convenient and accessible by all forms of transportation. The courthouse is located near several major airports. These airports offer direct flights on most major airlines to numerous cities across the United States and around the world. Providence is serviced by TF Green Airport in Warwick, Rhode Island. It is served by most major domestic airlines and ranked as the 58th busiest airport in the country in 2004. Additionally, Providence is within 45 miles of Boston, and is easily accessible via Boston's Logan Airport. Logan Airport served over 27 million passengers in 2005 and is New England's busiest transportation center. Logan Airport is served by nearly all major domestic and foreign airlines, and the Massachusetts Bay Transit Authority provides

travelers with the option of taking a commuter train directly from Logan Airport to Providence. Additionally, as Amtrak services Providence and Interstates 95, 195 and 295 all run through Providence, it is easily accessible by both rail and car. Finally, visitors will find numerous providers of accommodations in Providence and the surrounding area, including many of the major hotel chains.

**3. The District of Rhode Island has the Capacity and Capability to Handle these Related Cases**

According to the cumulative Summary of Multidistrict Litigation, from September of 1968 through September of 2006, the District of Rhode Island has not presided over any multidistrict litigation. See Statistical Analysis of Multidistrict Litigation, 2006, attached as Exhibit A. In light of this, and due to the fact that these related actions all concern a Rhode Island defendant, that much of the evidence may be located in Rhode Island, and that many of the witnesses may live in Rhode Island, this is an ideal situation to transfer multidistrict litigation to the District of Rhode Island

The District of Rhode Island is a modern and efficient forum, capable of handling these coordinated pretrial proceedings. In selecting the most appropriate transferee forum for multidistrict litigation, the Panel considers the speed and efficiency with which the districts manage their respective caseloads. *See In re Preferential Drug Prods. Pricing Antitrust Litig.*, 429 F.Supp. 1027, 1029 (J.P.M.L. 1977). The median time from filing to trial in a civil case, in the District of Rhode Island, was 19 months in 2006. This ranks the District 16th in the nation and 2nd in its Circuit for the shortest amount of time between the filing of a civil case and its trial. See U.S. District Count – Judicial Caseload Profile, attached as Exhibit B. Additionally, the district offers an Alternative Dispute Resolution program to further expedite litigation.

The technology and services offered by the District of Rhode Island contribute to the efficiency of the court. For example, the court offers electronic filing with full access to ECF/Pacer via the court's website. Additionally, the court's website posts all recent opinions, press releases, notices, local rules, memoranda and orders, and updates the posting of the judges' calendars daily.

All of these factors combine to make the District of Rhode Island an appropriate, capable and efficient forum for these related actions to be transferred to for coordinated pretrial proceedings.

## IV. CONCLUSION

Transfer and consolidation is necessary to avoid duplication and wasted efforts. Transfer to the District of Rhode Island is appropriate because of the in-state presence of Davol, the locus of related activity in the State, the resources and capability of the court to promptly and efficiently conduct this case, and the district is convenient to all the parties. Accordingly, Movants respectfully request that the Panel order that the above mentioned related actions identified on the accompanying Schedule of Actions and pending in federal courts outside of the District of Rhode Island (as well as any cases that may be subsequently filed asserting related or similar claims) be transferred to the District of Rhode Island and consolidated for pretrial proceedings.

Dated: February 23, 2007

Donald A. Migliori (#4936)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX

Edward A. Wallace
Mark R. Miller
WEXLER TORISEVA WALLACE LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
312-346-2222
312-346-0022 FAX

Teresa C. Toriseva
Kathy A. Brown
WEXLER TORISEVA WALLACE LLP
1446 National Road
Wheeling, WV 26003
304-238-0066
304-238-0149 FAX

Fred Thompson, III
Rhett D. Klok
Fred Thompson
Henry Leventis
Carmen Scott
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
843-216-9000
843-216- 9450 FAX

E-FILED
Monday, 26 February, 2007 02:01:20 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

# SUMMARY OF MULTIDISTRICT LITIGATION BY CIRCUIT AND DISTRICT UNDER 28 U.S.C. § 1407
## CUMULATIVE FROM SEPTEMBER 1968 THROUGH SEPTEMBER 30, 2006

| | | 12 Months Ending September 30, 2006 | | | | | Cumulative 1968-2006 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Circuit and District | Index to Transferee District | Into Dist. | Out of Dist. | Net Change | Filed in Tr'e District | Terminated | Into Dist. | Out of Dist. | Net Change | Filed in Tr'e District | Terminated | Total Pending |
| *GRAND TOTALS* | | 9,895 | 9,895 | - | 7,628 | 10,961 | 194,929 | 194,929 | - | 51,057 | 170,326 | 75,660 |
| **DISTRICT OF COLUMBIA CIRCUIT** | | | | | | | | | | | | |
| **TOTALS** | | 12 | 55 | -43 | 8 | 3 | 2,156 | 590 | 1,566 | 295 | 2,407 | 44 |
| District of Columbia | 090 | 12 | 55 | -43 | 8 | 3 | 2,156 | 590 | 1,566 | 295 | 2,407 | 44 |
| **FIRST CIRCUIT** | | | | | | | | | | | | |
| **TOTALS** | | 136 | 159 | -23 | 11 | 197 | 851 | 5,417 | -4,566 | 612 | 1,357 | 106 |
| Maine | 100 | 1 | 18 | -17 | - | 1 | 87 | 687 | -600 | 2 | 60 | 29 |
| Massachusetts | 101 | 134 | 50 | 84 | 9 | 160 | 600 | 3,841 | -3,241 | 239 | 775 | 64 |
| New Hampshire | 102 | 1 | 4 | -3 | 2 | 36 | 109 | 266 | -157 | 44 | 140 | 13 |
| Rhode Island | 103 | - | 25 | -25 | - | - | - | 427 | -427 | - | - | - |
| Puerto Rico | 104 | - | 62 | -62 | - | - | 55 | 196 | -141 | 327 | 382 | 0 |
| **SECOND CIRCUIT** | | | | | | | | | | | | |
| **TOTALS** | | 1,683 | 648 | 1,035 | 394 | 687 | 8,112 | 17,610 | -9,498 | 3,689 | 6,819 | 4,982 |
| Connecticut | 205 | - | 47 | -47 | 1 | 4 | 459 | 2,013 | -1,554 | 322 | 660 | 121 |
| New York, N. | 206 | - | 36 | -36 | - | - | 4 | 842 | -838 | 3 | 7 | 0 |
| New York, E. | 207 | 1,282 | 159 | 1,123 | 144 | 5 | 2,747 | 3,748 | -1,001 | 904 | 1,942 | 1,709 |
| New York, S. | 208 | 401 | 281 | 120 | 249 | 678 | 4,902 | 9,836 | -4,934 | 2,460 | 4,210 | 3,152 |
| New York, W. | 209 | - | 119 | -119 | - | - | - | 1,077 | -1,077 | - | - | - |
| Vermont | 210 | - | 6 | -6 | - | - | - | 94 | -94 | - | - | - |
| **THIRD CIRCUIT** | | | | | | | | | | | | |
| **TOTALS** | | 1,606 | 459 | 1,147 | 3,090 | 4,371 | 118,755 | 10,588 | 108,167 | 19,248 | 90,434 | 47,569 |
| Delaware | 311 | 32 | 15 | 17 | 42 | - | 93 | 213 | -120 | 87 | 100 | 80 |
| New Jersey | 312 | 71 | 150 | -79 | 23 | 11 | 803 | 2,370 | -1,567 | 243 | 873 | 173 |
| Pennsylvania, E. | 313 | 1,502 | 255 | 1,247 | 3,025 | 4,359 | 117,566 | 6,498 | 111,068 | 18,679 | 88,952 | 47,293 |
| Pennsylvania, M. | 314 | - | 7 | -7 | - | - | 28 | 493 | -465 | 11 | 28 | 11 |
| Pennsylvania, W. | 315 | 1 | 32 | -31 | - | 1 | 265 | 904 | -639 | 228 | 481 | 12 |
| Virgin Islands | 391 | - | - | - | - | - | - | 110 | -110 | - | - | - |

# EXHIBIT B

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| RHODE ISLAND | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | Numerical Standing U.S. | Numerical Standing Circuit |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
| OVERALL CASELOAD STATISTICS | Filings* | | 727 | 725 | 970 | 719 | 741 | 732 | U.S. | Circuit |
| | Terminations | | 685 | 714 | 812 | 687 | 717 | 788 | | |
| | Pending | | 1,030 | 987 | 969 | 831 | 806 | 769 | | |
| | % Change in Total Filings | Over Last Year | | .3 | | | | | 19 | 2 |
| | | Over Earlier Years | | | -25.1 | 1.1 | -1.9 | -.7 | 52 | 3 |
| Number of Judgeships | | | 3 | 3 | 3 | 3 | 3 | 3 | | |
| Vacant Judgeship Months** | | | .0 | .0 | .0 | 2.0 | 10.0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 242 | 242 | 323 | 240 | 247 | 244 | 87 | 4 |
| | | Civil | 194 | 191 | 275 | 197 | 201 | 206 | 79 | 2 |
| | | Criminal Felony | 42 | 45 | 39 | 37 | 39 | 38 | 80 | 4 |
| | | Supervised Release Hearings** | 6 | 6 | 9 | 6 | 7 | - | 89 | 5 |
| | Pending Cases | | 343 | 329 | 323 | 277 | 269 | 256 | 64 | 2 |
| | Weighted Filings** | | 272 | 271 | 347 | 278 | 280 | 276 | 84 | 4 |
| | Terminations | | 228 | 238 | 271 | 229 | 239 | 263 | 89 | 5 |
| | Trials Completed | | 17 | 17 | 16 | 16 | 12 | 16 | 58 | 3 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 7.1 | 6.9 | 5.8 | 6.3 | 6.9 | 6.3 | 23 | 1 |
| | | Civil** | 8.9 | 9.2 | 9.7 | 10.0 | 9.3 | 9.6 | 38 | 3 |
| | From Filing to Trial** (Civil Only) | | 19.0 | 17.0 | 25.0 | 22.5 | 17.0 | 16.8 | 16 | 2 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 35 | 36 | 24 | 26 | 27 | 28 | | |
| | | Percentage | 4.3 | 4.6 | 3.1 | 4.2 | 4.5 | 5.0 | 28 | 2 |
| | Average Number of Felony Defendants Filed Per Case | | 1.2 | 1.2 | 1.2 | 1.2 | 1.3 | 1.2 | | |
| | Jurors | Avg. Present for Jury Selection | 50.46 | 26.56 | 29.48 | 45.40 | 60.12 | 30.63 | | |
| | | Percent Not Selected or Challenged | 34.5 | 16.4 | 19.2 | 46.5 | 55.1 | 32.6 | | |

**2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE**

| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 583 | 57 | 15 | 67 | 10 | 7 | 45 | 97 | 85 | 70 | 73 | - | 57 |
| Criminal* | 123 | 2 | 35 | 21 | 24 | 22 | 11 | 1 | 1 | - | 2 | 1 | 3 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."

E-FILED
Monday, 26 February, 2007 02:01:48 PM
Clerk, U.S. District Court, ILCD

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

IN RE: KUGEL MESH HERNIA PATCH LITIGATION — MDL Docket No. __________

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** Carolene Jean Carter **Movant:** Sonia Montiel and Carol Nunes-McNamara **Defendants:** Davol, Inc., C.R. Bard, Inc., a Rhode Island corporation, and John Does I-V | E.D. Arkansas (Little Rock Division) | 4:06-cv-01012 | J. Leon Holmes |
| **Plaintiffs:** Mary Jane Campbell **Movant:** Sonia Montiel and Carol Nunes-McNamara **Defendants:** Davol, Inc., a Rhode Island corporation, C.R. Bard, Inc., a New Jersey corporation, John Does II-V and WCO Medical Products Corporation, formerly John Doe I | W.D. Arkansas (Fayetteville Division) | 5:06-cv-05154 | Jimm Larry Jendren |
| **Plaintiffs:** Faye Gleber **Movant:** Sonia Montiel and Carol Nunes-McNamara **Defendants:** C.R. Bard, Inc. and Bard Access Systems, Inc. | E.D. Louisiana (New Orleans Division) | 2:06-cv-05837 | Lance M. Africk |
| **Plaintiffs:** Jenine Von Essen | D. New Jersey (Newark | 2:06-cv-04786 | Susan D. Wigenton |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Movant:**<br>Sonia Montiel and Carol Nunes-McNamara<br>**Defendants:**<br>C.R. Bard, Inc. and Davol, Inc. | Division) | | |
| **Plaintiffs:**<br>Timothy J. Edgar<br>**Movant:**<br>Sonia Montiel and Carol Nunes-McNamara<br>**Defendants:**<br>Davol, Inc., a Delaware Corporation | E.D. Missouri (St. Louis Division) | 4:06-cv-01471 | Stephen N. Limbaugh |
| **Plaintiffs:**<br>Jane R. Wilson<br>**Movant:**<br>Sonia Montiel and Carol Nunes-McNamara<br>**Defendants:**<br>Davol, Inc. and C.R. Bard, Inc. | N.D. Florida (Pensacola Division) | 3:06-cv-00541 | M. Casey Rodgers |
| **Plaintiffs:**<br>Daniel Poston and Darline Poston<br>**Movant:**<br>Sonia Montiel and Carol Nunes-McNamara<br>**Defendants:**<br>Davol, Inc. | E.D. California (Sacramento Division) | 2:07-cv-00032 | Frank C. Damrell, Jr. |
| **Plaintiffs:**<br>James Daniel Mathein<br>**Movant:**<br>Sonia Montiel and Carol Nunes-McNamara<br>**Defendants:**<br>Davol, Inc., a Rhode Island corporation, and C.R. Bard, Inc., a New Jersey corporation | C.D. Illinois (Urbana Division) | 2:07-cv-02031 | Michael P. McCluskey |
| **Plaintiffs:**<br>Sonia Montiel, on behalf of herself and all others similarly situated, and Carol Nunes-McNamara, on behalf of herself and all others similarly situated | D. Rhode Island (Providence Division) | 1:07-cv-00064 | Mary M. Lisi |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Movant:**<br>Sonia Montiel and Carol Nunes-McNamara<br>**Defendants:**<br>Davol, Inc. and C.R. Bard, Inc. | | | |