UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN RE: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION | ) | Case No. 07-1842 - ML |
| | ) | Chief Judge Mary M. Lisi |
| This document relates to: *Mathein v. Davol and Bard* C.A. 07-1848 | ) | |

**AMENDED COMPLAINT**

**Count 1**
**Products liability**

COMES NOW Plaintiff James Daniel Mathein by his attorneys, Joseph W. Phebus and Ryan R. Bradley of the law firm of Phebus & Koester, and complaining of Defendants C.R. Bard, Inc., a corporation, and Davol, Inc., a corporation, avers:

1. Defendants are manufacturers of medical devices and manufactures, among other things, surgical mesh which was distributed in various states, including the State of Illinois.

2. On August 24, 2004, in the State of Illinois surgical mesh manufactured by the defendants (Davol, Inc., is a subsidiary of C.R. Bard, Inc.) was implanted into the plaintiff.

3. The implantation of the surgical mesh into the plaintiff was an intended or reasonably foreseeable use of the surgical mesh.

4. The surgical mesh was unreasonably dangerous for said intended or reasonably foreseeable use for one or more of the following reasons or a combination thereof:

a. It failed to meet the consumer expectation test in that:

(i) The consumer would not contemplate that the surgical mesh was designed or manufactured in such a way that it would delaminate, fray or disintegrate;

(ii) The consumer would contemplate that all components of the surgical mesh patch would be thoroughly and extensively tested for durability when in fact such was not the case.

(iii) The consumer would contemplate that the surgical mesh patch would have been accompanied with adequate instructions and warnings as to surgical technique when in fact such was not the case.

b. It failed to meet the risk benefit test in that:

(i) It was designed in such a way that it could delaminate, fray or disintegrate;

(ii) It was manufactured in such a way that it could delaminate, fray or disintegrate;

(iii) The surgical mesh patches were not accompanied with adequate warnings or instructions as to surgical technique.

5. As a direct and proximate result of one or more of the foregoing dangerous conditions, the surgical mesh that had been implanted into plaintiff delaminated, frayed or disintegrated as a result of which plaintiff suffered swelling and pain in his abdomen and underwent exploratory surgery on December 29, 2004, wherein it was discovered that the surgical mesh had failed and that a piece of stiff plastic line approximately 24 inches in length was loose within his abdomen.

6. In addition to his damages set forth in the foregoing paragraph, plaintiff incurred medical bills as a result of the product failure and in the future may incur future medical bills and has and may permanently in the future suffer pain and disability as a result of failure of the product.

7. Plaintiff did not know or in the exercise of ordinary care have reason to know that the surgical mesh was defective and causing injuries to him until December 29, 2004, and accordingly this suit is timely filed.

WHEREFORE, plaintiff prays judgment against the defendants in the sum of $500,000 and for costs of suit and demands a trial by jury.

**Count 2**
**Products Liability/Class Action**

COMES NOW Plaintiff James Daniel Mathein by his attorneys, Joseph W. Phebus and Ryan R. Bradley of the law firm of Phebus & Koester, and complaining of Defendants C.R. Bard, Inc., a corporation, and Davol, Inc., a corporation, and pursuant to Rule 23 of the Federal Rules of Civil Procedure brings this claim as a class action against the defendants and avers:

1. Defendants are manufacturers of medical devices and manufactures, among other things, surgical mesh which was distributed in various states, including the State of Illinois.

2. Defendant Davol, Inc., is a subsidiary of Defendant C.R. Bard, Inc., and is the manufacturer of Bard Composix Kugel Patches that are intended for surgical implantation by laparotomy and by laparoscopy into patients to treat conditions such as surgically-caused hernias.

3. Said patches utilize a recoil ring that is intended to, among other things, provide for the expansion of the patches after their insertion into the body.

4. As a result of failure of various versions of the patch, six versions have been recalled, to-wit:

A. Product Code: 0010202, Bard® Composix® Kugel Large Oval,

5.4” x 7.0”

B. Product Code: 0010204, Bard® Composix® Kugel Large Circle, 4.5”

C. Product Code: 0010206, Bard® Composix® Kugel Extra Large Oval 8.7” x 10.7”

D. Product Code: 0010207, Bard® Composix® Kugel Extra Large Oval, 10.8” x 13.7”

E. Product Code: 0010208, Bard® Composix® Kugel Extra Large Oval, 7.7” x 9.7”

F. Product Code: 0010209, Bard® Composix® Kugel Oval, 6.3” x 12.3”

5. Pursuant to Rule 23(a) and 23(b)(3) and/or 23(b)(2) of the Federal Rules of Civil Procedure, plaintiff brings this claim as a class action against the defendants on behalf of a class defined as follows <u>or as the Court may otherwise define</u>:

> “All residents of the United States, its Territories and Commonwealths, and the District of Columbia who had one of the foregoing Bard Composix Kugel patches surgically implanted.”

6. The recalled versions of Bard Composix Kugel patches are unreasonably dangerous for their intended use of implantation into patients for one or more of the following reasons or a combination thereof:

A. They fail to meet the consumer expectation test in that:

(i) The consumer would not contemplate that a surgical mesh patch was designed or manufactured in such a way that portions thereof would separate from the patch or the patch would otherwise disintegrate;

(ii) The consumer would contemplate that all components of the surgical mesh patch would be thoroughly and extensively tested for durability when in fact such was not the case;

(iii) Failed to meet the consumer expectation test in that the consumer would contemplate that the surgical mesh patch would have been accompanied with adequate instructions

and warnings as to surgical technique when in fact such was not the case.

B. They fail to meet the risk-benefit test in that:

(i) They were designed in such a way that portions of it could separate from the patch or the patch would otherwise disintegrate;

(ii) They were manufactured in such a way that portions of it could separate from the patch or the patch would otherwise disintegrate;

(iii) The surgical mesh patches were not accompanied with adequate warnings or instructions as to surgical technique.

7. The implantation of Bard Composix Kugel patches into the plaintiff and the putative class members was an intended or reasonably foreseeable use of the patches.

8. As a direct and proximate result of one or more of the foregoing dangerous conditions, the Bard Composix Kugel patches that had been implanted in the plaintiff and the putative class members are at a risk of failure and accordingly require monitoring, or have failed requiring surgical removal of all or a portion of the patch, or may fail in the future requiring surgical removal of all or a portion of the patch.

9. The Bard Composix Kugel patch surgically implanted in the plaintiff on August 24, 2004, in fact failed thereby requiring surgical removal of a portion thereof on December 29, 2004.

10. The plaintiff and putative class members have sustained damages in one or more of the following ways:

A. Those who still have all or a portion of a patch remaining in them require monitoring for complications resulting therefrom and various of them have in fact incurred expenses for monitoring;

B. Those who still have all or a portion of a patch remaining in them may require surgery to remove all or a portion of such patch;

C. Those who have had surgery to remove all or a portion of a patch have incurred expenses of surgical removal.

11. No claim is asserted for personal injuries resulting from the failure of a patch, either before, during or as a result of removal; rather claims are asserted for the economic damages that have been or will be incurred as set forth in paragraph 10 above.

12. The requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied in that:

A. The class is so numerous that joinder of all members is impracticable, thus satisfying the requirement of Rule 23(a)(1) in that at all relevant times, to plaintiff's knowledge, information and belief, there were more than 50,000 persons who had one of the recalled patches implanted;

B. There are questions of fact or law common to the class which predominate over any questions affecting only individual members thus satisfying the requirement of Rule 23(a) (2), which common predominant questions include:

(i) Whether the patches failed to meet the consumer expectation test and were accordingly unreasonably dangerous;

(ii) Whether the patches failed to meet the risk-benefit test and were accordingly unreasonably dangerous;

(iii) Whether the defendants should be required to reimburse class members for medical expenses incurred in monitoring the status of the patches implanted in them;

(iv) Whether the defendants should be required to reimburse class members for future medical expenses incurred in monitoring of the status of the patches implanted in them;

(v) Whether the defendants should be required to reimburse the class members for the medical expenses incurred in removing all or a portion of a patch;

(vi) Whether the defendants should be required to reimburse the class members for the future medical expenses incurred in removing all or a portion of a patch;

(vii) Whether a finding that the patches are unreasonably dangerous in this cause is *res judicata* as to said issue in any personal injury claim brought against the defendants by a person sustaining personal injuries as a result of a failure of a patch.

C. Plaintiff's claims are typical of the claims of the members of the class because plaintiff sustained damages arising out of the failure of a patch and the surgical removal of a portion thereof and accordingly the requirement of Rule 23(a)(3) is satisfied.

D. The plaintiff will fairly and adequately protect the interests of the class. Accordingly the requirement of Rule 23(a)(4) is met in that plaintiff is a member of a class he seeks to represent and will adequately and fairly protect the interests of the class. The interest of the plaintiff is coincident with, and not antagonistic to, the interests of the other members of the class. Plaintiff has retained attorneys who are experienced in complex litigation and product liability litigation, including the failure of materials for surgical implantation.

13. The requirements of Rule 23(b)(3) are met in that:

A. The aforesaid questions of law or fact common to members of the class predominate over any questions effecting only individual members;

B. A class action is superior to other available methods for the fair and efficient adjudication of the controversy;

C. The labor and expense of an individual action would be disproportionately large as to the amount of potential recovery for a substantial number of the putative class members;

D. Litigation of claims by individual class members would produce a multiplicity of cases that would further burden already congested court dockets while proceeding as a class action, by contrast, provides a mechanism for efficient adjudication of substantially all claims arising out of the failure of the patches in question; and,

E. While the members of the class are numerous, manageability difficulties are not anticipated. The identities of all class members may be ascertained from the records of the defendants or, if not, through "dear doctor" letters such as those already sent out by the defendants in regard to the failure of the patches in question.

14. The requirements of Rule 23(b)(2) are met in that the defendants:

A. Have failed and refused to voluntarily agree to a binding agreement to reimburse class members for expenses incurred in monitoring arising out of the presence of a patch in question; and,

B. Have failed and refused to voluntarily agree to a binding agreement to reimburse class members for expenses incurred in surgically removing all or a portion of a failed patch in question.

15. The claims of all putative class members are timely filed in that no recall letters were sent to health care providers before December of 2005 and no recall letters were sent directly to putative class members. Accordingly, the earliest a putative class member could have knowledge of the possible defective condition of the patches was December of 2005 and the continuing presence of the patches in putative class members constitutes a continuing tort.

WHEREFORE, plaintiff prays:

1. This matter be certified as a class action pursuant to Rule 23(a) and Rule 23(b)(3) and/or Rule 23(b)(2);

2. Plaintiff be appointed class representative;

3. Plaintiff's counsel be appointed class counsel;

4. A declaratory judgment be entered pursuant to Rule 23(b)(2) or Rule 57 of the Federal Rules of Civil Procedure declaring the patches in question to be unreasonably dangerous and the defendants legally responsible for all damages arising out of the failure thereof and that the declaratory judgment is *res judicata* as to that issue in all personal injury claims then pending or thereafter brought in regard to the failure of a patch in question;

5. A judgment be entered requiring the defendants to reimburse class members for expenses of monitoring the status of implanted patches in question;

6. A judgment be entered requiring the defendants to reimburse class

members for expenses of removal of all or part of a patch in question;

7. A judgment for such other and further relief in the premises as may be appropriate

8. Plaintiff be awarded his costs of suit;

9. Plaintiff demands a trial by jury.

By: s/Joseph W. Phebus
JOSEPH W. PHEBUS
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
(217) 337-1400
*jwphebus@phebuslaw.com*
Attorneys for Plaintiff James Daniel Mathein

**JURY DEMAND**

COMES NOW Plaintiff James Daniel Mathein by his attorneys, Phebus & Koester, and hereby demands a trial by jury on the issues in this cause.

By: s/Joseph W. Phebus
JOSEPH W. PHEBUS
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
(217) 337-1400
*jwphebus@phebuslaw.com*
Attorneys for Plaintiff James Daniel Mathein

DOUGLAS PHEBUS
LAWTON & CATES
10 East Doty
Madison, Wisconsin 53703
(608) 282-6200
*f:\docs\joe\mathein\amended comp mdl.doc*

**CERTIFICATION**

I hereby certify that on this 15th day of January, 2008, that a true copy of the foregoing Plaintiff's First Amended Complaint has been filed electronically and that it is available for viewing and downloading from the ECF system. I also certify that a true copy of this document was also mailed or electronically mailed to the following:

**Ernest Cory** ecory@cwcd.com

**Kirby T. Griffis** kgriffis@spriggs.com

**Mark T. Nugent** mnugent@morrisonmahoney.com

**Thomas M. Robinson** trobinson@morrisonmahoney.com

**Teresa C Toriseva** tct@wtwlaw.us

**Joseph Phebus** jwphebus@phebuslaw.com

**Samuel J. Abate, Jr**
Pepper Hamilton LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405

**Andrew L. Colocotronis**
Baker, Donelson, Bearman, Caldwell & Berkowitz
900 South Gay Street
2200 Riverview Tower
Knoxville, TN 37902

**Kathleen Ann DeLaney**
Delaney & Delaney LLC
3640 North Washington Blvd.
Indianapolis, IN 46205

**John A. Fagg, Jr**
Moore & Van Allen
100 N. Tryon Street
Suite 4700
Charlotte, NC 28202-4003

**Gary D. Hermann**
Hermann, Cahn & Schneider
Suite 500
1301 East Ninth Street
Cleveland, OH 44114

**James B. Irwin**
Irwin Fritchie
400 Poydras Street
Suite 2700
New Orleans, LA 70130

**D. Mitchell McFarland**
Harrison Bettis Staff McFarland & Weems
500 Dallas Street
Suite 2600
Houston, TX 77002

**Robert H. Pedersen**
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

**Michelle R. Schwarz**
Mandelbaum & Schwarz
2012 Hamilton Lane
Suite 303
Las Vegas, NV 89106

**Lesley Stine**
Saieva, Rousselle & Stine
601 W. Swann Ave., Suite B
Tampa, FL 33606

**Kara T. Stubbs**
Baker Sterchi Cowden & Rice
2400 Pershing Road
Suite 500
Kansas City, MO 64108

**Kevin K. Trout**
Heron Sweet Fox & Trout
2601 NW Expressway
Suite 707 W
Oklahoma City, OK 73112

**Danene J. Tushar**
Fraser Stryker Law Firm
409 South 17th Street
Suite 500 Energy Plaza
Omaha, NE 68102

**David Bowman White**
Gallivan White and Boyd
PO Box 1505
Greenville, SC 29603

**Dennie M. Zankel**
Baker and Sterchi
1010 Market Street
Suite 950
St. Louis, MO 63101

**Peter J. Brodhead**
Spangenberg, Shibley & Liber
2400 National City Center
Cleveland, OH 44114-3400

**Nicholas A. DiCello**
Spangenberg, Shibley & Liber
2400 National City Center
1900 East Ninth Street
Cleveland, OH 44114

**Gary D. Hermann**
Hermann, Cahn & Schneider
Suite 500
1301 East Ninth Street
Cleveland, OH 44114

**Jeffrey S. Moeller**
Hermann, Cahn & Schneider
Suite 500
1301 East Ninth Street
Cleveland, OH 44114

/s/ Donald A. Migliori
Donald A. Migliori
RI Bar#4936
Motley Rice LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940
Telephone: 401-457-7700
Fax: 401-457-7708