**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO *James Daniel Mathein v. Davol Inc.* and *C.R. Bard, Inc.*, No. 07-1848-ML** | § § § § § | **Chief Judge Mary M. Lisi** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), by and through counsel, hereby answer Plaintiff's Amended Complaint ("Complaint"), paragraph by paragraph, as follows:

**COUNT 1**
**Products Liability**

1. Defendants admit that Davol is a Rhode Island corporation that at various times manufactured and distributed the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information throughout the United States, including the State of Illinois. To the extent the allegations in Paragraph 1 are directed to Bard, Bard denies each and every allegation contained in Paragraph 1.

2. Defendants admit that Davol is a subsidiary of Bard. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 2 of the Complaint, and therefore deny the same.

3. Paragraph 3 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 3.

4. Paragraph 4 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 4, including subparagraphs A and B.

5. Paragraph 5 of the Complaint contains conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 5 of the Complaint, and therefore deny the same.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 6 of the Complaint, and therefore deny the same.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 7 of the Complaint, and therefore deny the same.

**COUNT 2**
**Products Liability/Class Action**

8. Defendants admit that Davol has at various times conducted limited manufacturing and distributing of a hernia repair prosthesis, including the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information throughout the United States, including the state of Illinois. To the extent the allegations in Paragraph 8 are directed to Bard, Bard denies each and every allegation contained in Paragraph 8.

9. Defendants admit that Davol is a subsidiary of Bard. Defendants further admit that Davol has at various times conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information.

10. Defendants admit that one particular component of the Composix® Kugel® Hernia Patch is known as a "memory recoil ring." Defendants deny each and every remaining allegation contained in Paragraph 3.

11. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Answering further, Defendants state these products have since been returned to the market with FDA approval.

12. Paragraph 12 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 12.

13. Paragraph 13 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 13, including subparagraphs A and B.

14. Paragraph 14 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 14.

15. Paragraph 15 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 15.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17. Paragraph 17 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 17, including subparagraphs A through C.

18. Paragraph 18 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 18.

19. Paragraph 19 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 19, including subparagraphs A through D.

20. Paragraph 20 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 20, including subparagraphs A through E.

21. Paragraph 21 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 21, including subparagraphs A and B.

22. Paragraph 22 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 22.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, comment k, bar plaintiff's claims against Defendants in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Defendants in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiff's claims in whole or in part.

5. Plaintiff's, or his agents', including his physicians, misuse or substantial change of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

6. If plaintiff used a product sold by Defendants, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

8. If plaintiff used a product sold by Defendants, plaintiff used the product for "off-label" purposes, which bars the plaintiff's claims.

9. The "learned intermediary" doctrine bars plaintiff's claims.

10. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

11. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

12. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

13. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

14. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

16. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

17. Any potential award for plaintiff's damages or injuries, none being admitted, is reduced or barred, in whole or part, by plaintiff's own comparative fault.

18. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Defendants' product.

19. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

20. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Defendants' due process, equal protection and other rights under the United States Constitution, the Illinois Constitution, and any other applicable law.

21. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Illinois and/or other applicable laws.

22. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

23. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Respectfully submitted,

Dated: January 18, 2008

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

*Attorneys for Defendant C.R. Bard, Inc. and Defendant Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S AMENDED COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff James Daniel Mathein in the manner indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
Fax: (401) 457-7708
Email: dmigliori@motleyrice.com
*via facsimile and electronic mail*

Joseph W. Phebus
Phebus & Koester
136 W. Main Street
Urbana, IL 61801
Fax: (217) 337-1607
*via facsimile*

s/ Kirby T. Griffis
Kirby T. Griffis